IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GLENDA FLORES,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )       Case Number CIV-06-298-C
                                        )
AETNA LIFE INSURANCE COMPANY,           )
a foreign insurance company, and        )
METZELER AUTOMOTIVE PROFILE             )
SYSTEMS NORTH AMERICA, INC., a          )
foreign corporation,                    )
                                        )
                    Defendants.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking short and long term disability benefits from a plan offered by her employer. Plaintiff claims she is disabled under the plan and Defendants have wrongfully denied her benefits. Defendants argue that Plaintiff is not disabled and the evidence supports that decision. The parties have filed cross motions for summary judgment seeking resolution of this dispute.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

The parties do not dispute that the insurance plan in question is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA). Further, the parties do not dispute that the Court's consideration of the decision to deny Plaintiff benefits is to be reviewed under the arbitrary and capricious standard.  However, the parties are in disagreement over the manner in which that standard should apply.  Plaintiff argues that because Defendant Metzeler has the final say in benefit determinations and

because it has a financial stake in benefit payments, a heightened standard should apply. Defendants argue that Plaintiff has failed to demonstrate that Defendant Metzeler's impartiality in making benefit decisions has been compromised and thus the Court should apply the "pure" arbitrary and capricious standard.

The Court's first task is to determine whether a conflict of interest exists. "[A]ll of the circuit courts agree that a conflict of interest triggers a less deferential standard of review." Chambers v. Family Health Plan Corp., 100 F.3d 818, 825 (10th Cir. 1996). In determining whether a conflict exists, the Court should consider the following non-exhaustive list of factors:

> whether: (1) the plan is self-funded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews or level of compensation were linked to the denial of the benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan.

Kimber v. Thiokol Corp., 196 F.3d 1092, 1098 (10th Cir. 1999) (citing Jones v. Kodak Med. Assistance Plan, 169 F.3d 1287, 1291 (10th Cir. 1999)). Plaintiff has the burden of proving the existence of a conflict. See Fought v. Unum Life Ins. Co. of America, 379 F.3d 997, 1005 (10th Cir. 2004) ("We hold that in every case in which the plan administrator operates under a conflict of interest-or a 'standard' conflict of interest case-the plaintiff is required to prove the existence of the conflict.") (citing Kennedy, Judicial Standard, 50 Am. U.L.Rev. at 1173). Here, the evidence provided by Plaintiff establishes the first two factors. Defendant Metzeler funds the plan and the ultimate decisionmaker, Ms. Smith, is employed by Defendant Metzeler. However, Plaintiff has failed to offer evidence from which a conflict

can be found under the last two factors.  Plaintiff has failed to offer evidence demonstrating that Ms. Smith's compensation or performance reviews were tied to denial of benefits. Likewise, there is no evidence that the amount of benefits sought by Plaintiff, approximately $6,240.00, would have a significant financial impact on Defendant Metzeler.  Plaintiff has further offered no evidence demonstrating the financial impact of all disability claims on Defendant Metzeler.  See Kimber, 196 F.3d at 1098.  Thus, this case is substantially similar to Kimber, where the Circuit noted the first two factors were satisfied but that the evidence did not support finding a conflict under the last two factors.  The Circuit then determined that review under the deferential standard was appropriate.  Id.

Review under the deferential standard is quite limited, as the Circuit set forth in Kimber:

> When reviewing under the arbitrary and capricious standard, "[t]he Administrator['s] decision need not be the only logical one nor even the best one.  It need only be sufficiently supported by facts within [his] knowledge to counter a claim that it was arbitrary or capricious."  Woolsey [v. Marion Laboratories, Inc.,] 934 F.2d [1092] at 1460 [(10th Cir. 1991)].  The decision will be upheld unless it is "not grounded on *any* reasonable basis."  Id. (citation omitted).  The reviewing court "need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness-even if on the low end."  Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Kimber, 196 F.3d at 1098.

Defendants denied Plaintiff's request for benefits primarily because the medical information provided by Plaintiff did not provide clinical support for any condition or conditions which would preclude her from performing her job.  See Administrative Record,

pp. A003-005 & M0007.  It is apparent from review of these documents and the underlying

medical records that Defendants reviewed the medical information provided by Plaintiff and

found that those records failed to provide objective evidence to support Plaintiff's

complaints.  The Court's review of the information from the claims file supports this

conclusion.  Although there are clearly some objective findings which support some of

Plaintiff's complaints, those objective findings are not sufficient to support her claim that she

is incapable of working.  The objective evaluations of her rheumatoid arthritis do not

demonstrate that it had progressed to such a degree as to prevent Plaintiff from working.

Indeed, Dr. Sultan's opinion, upon which Plaintiff heavily relies, is based primarily on

Plaintiff's subjective assertion that standing increases her pain.  Plaintiff did not provide

Defendants with any diagnostic testing or laboratory reports supporting the limitation.  While

Plaintiff did provide some MRI reports, there was no concurrent medical analysis

demonstrating how any findings contained within those reports were consistent with or

supported the claimed limitations.

The Tenth Circuit has recognized that a plan administrator may properly reject a

physician's report in the absence of data to support the opinions.  See Grosvenor v. Qwest

Communications Intern., Case No. 05-4061, 2006 WL 2076804, *5 (10th Cir. July 27,

2006):[*]

> In Kimber, we concluded that a rational plan administrator could reject a
> physician's reports when there was no accompanying data to support that

---

[*] Unpublished opinion cited for its persuasive value.  See 10th Cir. R. 36.3

conclusion. 196 F.3d at 1099. Mr. Grosvenor's treating physician reports included no objective medical documentation, such as x-rays, MRIs or CT scans, to support their conclusion, and as in <u>Kimber</u>, the Administrator could decline to credit them.

Thus, Defendants were within their rights to reject the unsupported opinions of Plaintiff's physicians and to require Plaintiff to provide some objective evidence to support her subjective complaints.  Because Plaintiff failed to provide that information, there was insufficient evidence on which to support Plaintiff's claimed inability to work.  Thus, the decision to deny Plaintiff benefits was grounded on a reasonable basis and was not arbitrary and capricious.  Therefore, Defendants are entitled to judgment on Plaintiff's claims.

<u>**CONCLUSION**</u>

For the reasons set forth herein, Defendants' Motion for Summary Judgment (Dkt. No. 22) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. No. 20) is DENIED. A separate judgment will issue.

IT IS SO ORDERED this 16th day of October, 2006.

ROBIN J. CAUTHRON
United States District Judge